IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | : | CIVIL ACTION |
| 3100 Sanders Road, Suite 201 | : | |
| Northbrook, Illinois 60062 | : | |
| | : | NO. |
| v. | : | |
| | : | |
| ANNA BARNETT | : | |
| 1025 N Serrano Avenue | : | |
| Apt 215 | : | |
| Los Angeles, CA 90029 | : | |
| and | : | |
| | : | |
| ANDREW D. BARNETT | : | |
| 4916 Washington Street | : | |
| Schnecksville, PA 18078-2007 | : | |
| and | : | |
| | : | |
| VEENA E. BARNETT | : | |
| 4916 Washington Street | : | |
| Schnecksville, PA 18078-2007 | : | |
| and | : | |
| | : | |
| DANEYLL LYNN STANTON | : | |
| 5616 Lexington Avenue #105 | : | |
| Los Angeles, CA 90038 | : | |

**DECLARATORY JUDGMENT ACTION**

Plaintiff, Allstate Insurance Company ("Allstate"), by and through its attorneys, Ryan, Brown, Berger & Gibbons, P.C., by way of Complaint for Declaratory Judgment against the above named defendants, avers as follows:

## INTRODUCTION

1. Defendant Anna Barnett ("Anna") instituted an action against Allstate by filing a Complaint in the Superior Court of California, County of Los Angeles, concerning an alleged breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, violation of business & professions code section 17200 et seq., and negligence for uninsured motorist ("UM") benefits arising from a December 24, 2023 motor vehicle accident ("the underlying action"). A true and correct copy of Defendant's Complaint is attached hereto as Exhibit" A."

2. Anna has demanded that Allstate pay the UM stacked policy limits of $200,000.00 to which Anna claims she is entitled under the Allstate automobile insurance policy, no. 008 398 556 ("the Allstate policy") issued to Defendants Andrew D. ("Andrew") and Veena E. ("Veena") Barnett.  A true and correct copy of the October 28, 2024 correspondence with settlement demand is attached hereto as Exhibit" B."

3. Allstate files this declaratory judgment action to obtain a declaration that Defendant Anna Barnett is not entitled to UM benefits under the Allstate policy because she is not an insured person under the Allstate policy issued to Andrew and Veena.

## THE PARTIES

4. Plaintiff, Allstate Insurance Company, is an Illinois Corporation with its principal place of business located at 3100 Sanders Road, Suite 210, Northbrook, IL 60062 and duly licensed to conduct business in the Commonwealth of Pennsylvania.

5. Defendant, Anna Barnett, is an adult individual and a citizen of the State of California, who resides at 1025 N Serrano Avenue, Apt 215, Los Angeles, CA.

6. Defendant, Andrew D. Barnett, is an adult individual and a citizen of the Commonwealth of Pennsylvania, who resides at 4916 Washington Street, Schnecksville PA 18078.

7. Defendant, Veena E. Barnett, is an adult individual and a citizen of the Commonwealth of Pennsylvania, who resides at 4916 Washington Street, Schnecksville PA 18078.

8. Upon information and belief, Defendant, Daneyll Lynn Stanton, is an adult individual and a citizen of the State of California, who resides at 5616 Lexington Avenue #105, Los Angeles, CA 90038.

9. At the time of the motor vehicle accident which engendered the claim out of which the underlying action arises, Anna did not reside at 4916 Washington Street, Schnecksville PA 18078 with Andrew and Veena, her parents and the named insureds on the Allstate policy, but, rather, lived in an apartment located at 1025 N Serrano Avenue, Los Angeles, CA. A true and correct copy of Anna Barnett's lease agreement for 1025 N Serrano Avenue, Apt 215, Los Angeles, CA is attached hereto as Exhibit "C."

## JURISDICTION AND VENUE

10. Jurisdiction is appropriate under 28 U.S.C. §1332 as the parties are of diverse citizenship, the amount of liability insurance policy proceeds at issue is $200,000.00, and accordingly, the amount in controversy for jurisdictional purposes exceeds $75,000.00 exclusive of interest fees and costs.

11. The cause of action is afforded jurisdiction under 28 U.S.C. §2201 and 2202 for declaratory judgment relief.

12. Venue is appropriate under 28 U.S.C. §1391. The Allstate policy under which Anna seeks UM coverage was issued to the named insured policyholders Andrew and Veena Barnett in Lehigh County, which is in this federal judicial district. Venue is further appropriate in this Court because all of the defendants are citizens of Pennsylvania and reside in this Eastern District as set forth above.

## FACTUAL BACKGROUND - - THE UNDERLYING ACTION

13. Anna instituted the breach of contract action against Allstate for UM benefits under the Allstate policy by Complaint in the Superior Court of California, County of Los Angeles on November 25, 2025. See Exhibit "A."

14. The underlying action for UM benefits arises out of a pedestrian versus motor vehicle accident ("the accident") that occurred on December 24, 2023, at or near Santa Monica Boulevard and North St. Andrews Place, Los Angeles, CA 90038.

15. On or about December 24, 2023, at the aforesaid location, Anna, the daughter of Allstate named insureds, Andrew and Veena, was riding a skateboard when she was struck by a vehicle operated by Defendant Daneyll Lynn Stanton.

16. Anna claims various bodily injuries associated with this December 24, 2023 motor vehicle accident.

17. The vehicle operated by Defendant Daneyll Lynn Stanton was allegedly uninsured.

18.     At the time of the subject December 24, 2023 accident, Anna was twenty-six (26) years old.

19.     At the time of the subject December 24, 2023 accident, Andrew and Veena were personally insured under an Allstate auto liability insurance policy with $200,000.00 in stacked UM coverage, issued in Lehigh County under policy number 008 398 556.  A copy of the Allstate auto policy issued to Andrew and Veena Barnett, including the Policy Declaration Sheet, is attached as Exhibit "D."

## ALLSTATE POLICY PROVISIONS

20.     The Allstate policy lists as the named insureds Andrew and Veena Barnett, the parents of Defendant Anna Barnett.  See Exhibit "D."

21.     At the time of the December 24, 2023 underlying accident, Anna did not reside with her parents, Andrew and Veena, the named insureds, at their residence at 4916 Washington Street, Schnecksville PA 18078  because Anna  lived in an apartment located at  1025 N Serrano Avenue, Los Angeles, CA.  See Exhibit "C."

22.     At the time of the December 24, 2023 underlying accident, Anna was not in, on, getting into, or out of a vehicle insured under the Allstate policy.

23.     The Uninsured Motorists Insurance Coverage Section of the Allstate policy sets forth the scope of uninsured motorist coverage and definition of "Insured Persons" as follows:

> PART 3
> UNINSURED MOTORISTS INSURANCE
> COVERAGE SS
>
> If a limit of liability is shown on your Policy Declarations for Uninsured Motorists Insurance Coverage SS, we will pay damages to an insured
>
> person for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured auto. Bodily injury must be caused by accident and arise out of ownership,
>
> maintenance, or use of an uninsured auto. We will not pay any punitive or exemplary damages. No judgment for damages arising out of a suit brought against the owner or operator of an uninsured auto is binding on us.
>
> Insured Persons
>
> These persons are insured under Coverage SS:
>
> 1. You and any resident relative,
> 2. Any other person while in, on, getting into or out of your insured auto with your permission, and
> 3. Any other person who is legally entitled to recover because of bodily injury to you, a resident relative, or an occupant of your insured auto with your permission.

See Exhibit "D" at pg. 13.

24. The Uninsured Motorists Insurance Coverage Section of the Allstate Allstate Policy defines "You" as the resident policyholder named on the Policy Declarations and that policyholder's resident spouse. See Exhibit "D" at pg. 14.

25. The Uninsured Motorists Insurance Coverage Section of the Allstate Allstate Policy defines "Resident" as " a person who physically resides in your household with the intention of continuing residence there. Your unmarried dependent children temporarily living away from home will be considered residents if they intend to resume residing in your household. See Exhibit "D" at pg. 14.

26. Anna is not a resident policyholder on the Allstate policy. See Exhibit "D."

27. Anna was not a resident of Andrew and Veena's household at any time relevant hereto. See Exhibit "C."

28. Anna was not a dependent child temporarily living away from Andrew and Veena's household at any time relevant hereto. See Exhibit "C."

29. Anna was not operating or occupying a vehicle insured under the Allstate policy at the time of the December 24, 2023 accident.

30. Since Anna was not a resident policyholder, was not a resident relative of Andrew and Veena Barnett, and was not in, on, getting into or out of an insured vehicle on the Allstate policy at the time of the underlying accident, Anna was not an insured person under the policy.

## DECLINATION OF COVERAGE

31. By letter dated August 6, 2025, undersigned counsel advised Anna's counsel that coverage under the Allstate policy issued to her parents, Andrew and Veena Barnett, does not afford UM coverage to her for the December 24, 2023 accident from which the underlying action arises because Anna was not a resident policyholder,

did not reside with her parents at the time of the accident, and was not operating or occupying an insured vehicle at the time of the accident. A true and correct copy of this August 6, 2025 letter is attached as Exhibit "E."

## COUNT I

## DECLARATORY JUDGMENT

32. Plaintiff Allstate hereby incorporates by reference Paragraphs 1 through 31 above as though fully set forth herein at length.

33. A genuine, live and justiciable controversy exists as to whether UM coverage under the Allstate policy issued to Andrew and Veena Barnett should be provided to Anna Barnett under the terms of the policy and the circumstances of the underlying accident.

34. All necessary and indispensable parties have been joined to this declaratory judgment action.

35. Allstate is not obligated to provide UM coverage under the Allstate policy issued to Andrew and Veena Barnett to their daughter, Anna Barnett, under the terms of the policy and the circumstances of the underlying accident because Anna was not an insured person as defined under the terms of the policy, as she was not the named insured under the Allstate policy, she was not in, on, getting into or out of an insured vehicle at the time of the December 24, 2024 accident, nor was she a resident of the named insureds, Andrew and Veena's household at the time of the accident.

WHEREFORE, Allstate Insurance Company requests a Declaratory Judgment be entered in its favor determining that there is no uninsured motorist coverage for Anna Barnett under the Allstate auto liability policy number 008 398 556.

    Respectfully Submitted,

    RYAN, BROWN, BERGER & GIBBONS P.C.

/s/ *Lynda M. Powell*

_____

LYNDA M. POWELL, ESQUIRE
Attorney for Plaintiff,
Allstate Insurance Company

# **V E R I F I C A T I O N**

LYNDA M. POWELL, Esquire, hereby states she is authorized on behalf of plaintiff Allstate Insurance Company to verify the averments set forth in the foregoing DECLARATORY JUDGMENT COMPLAINT according to the numbered paragraphs, and that same are true and correct to the best of her knowledge, information and belief. This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

/s/ *Lynda M. Powell*

_____

Lynda M. Powell, Esquire

Case 5:26-cv-00836     Document 1     Filed 02/09/26     Page 11 of 11